## J. G. Simpson *vs.* Brown Bros. & Co.

An attorney may discontinue a suit by virtue of his general power as an attorney on the record.

The right of a Court to refuse to hear an attorney in a case because of representing in the same suit different parties whose interests, in the opinion

of the Court, are conflicting and antagonistic, *discussed* in argument but no *opinion* expressed thereupon by the Court.

Error to the First Judicial District.

Opinion by WYCHE, Associate Justice.

This cause comes here on writ of error from a judgment of the Court below dismissing the case on stipulation filed by Dugan & Sharpstein, attorneys of the plaintiff in error in the Court below.

Several errors are assigned, but they are all comprehended in the two first, namely: The order of the Court dismissing the case on the stipulation filed, and the refusal of the Court to permit J. D. Mix, one of the plaintiff in error's counsel in the Court below, to further appear on behalf of the plaintiff in error.

It seems that J. G. Simpson, plaintiff in error, intervened in a suit of Brown Bros. & Co., defendants in error, against one W. H. Fleet, and that Messrs. Sharpstein, Dugan and Mix were the attorneys of the intervenor, and, after a continuance of the cause for several terms, Dugan and Sharpstein, as attorneys of the intervenor, endorsed on the petition of intervention a stipulation that in consideration of one hundred and thirty dollars paid them by the defendants in error, the petition should be dismissed and full satisfaction acknowledged of any claim the intervenor might have—the stipulation not being signed by J. D. Mix, and Simpson having a long time previous abandoned the Territory, and hence neither assenting or dissenting to said stipulation. On this state of facts, the Court entered a judgment dismissing the case, but expressly reciting in the judgment "without prejudice to the rights of either party."

It will be seen that the judgment is a mere discontinuance, and in no manner concludes the rights of the parties; and we are all of the opinion that an attorney in a case may discontinue his suit without any special authority. Indeed this is but a step in the ordinary course of practice, and of frequent occurrence, and clearly within the scope of the general power of an attorney and essential to the judicious management of causes in Courts. 1 Wendell 108; 5th Randolph 639; 5 Peter's S. C. R. 99; 6

Cowen 385; Statutes of W. T., 1862–3, 404. In 6th Cowen, the Court say: "Where an attorney is retained, we will not look for a special authority to do so ordinary an act of practice as the discontinuance of the cause." But it is said the stipulation reached to the cause of action itself, and could not, therefore, be sustained. The Court held that the attorneys had no power to execute a release, or to do anything that would reach to the cause of action itself, and refused to recognize so much of the stipulation as acknowledged satisfaction of the claim.

But because the stipulation contained certain matters beyond the power of the attorneys, which the Court below refused to enforce, the Court is unable, after considerate reflection, to reach the conclusion urged by the plaintiff in error, that, therefore, the Court below had no right to enforce such parts of the stipulation as were clearly within the power of an attorney. If the stipulation had provided solely for a discontinuance, there could be no question that it would have been rightful, and, as only that much of the stipulation was enforced, no satisfactory reasons have been presented showing the Court might not enforce the rightful parts of the stipulation, and decline enforcing the wrongful. In cases of this character, it may be stated in general, that if the client is prejudiced by the acts of his attorney, he must take his remedy against the attorney rather than the opposite party, and there is no pretense, in this case, but that Simpson's attorneys are abundantly able to respond to any damages that he may have sustained by their wrongful acts.

On the other matter of error, to wit: The refusal of the Court to permit J. D. Mix to further prosecute the suit of Simpson, it is not necessary that any opinion should be here expressed; and the Court the more readily declines to determine this question as its decision would require an investigation into the divers matters and interests of the several parties to the suit, as they appear from the pleadings, and the attitude and connection of counsel with these divers matters and interests. Perhaps it may not be too much to say that the whole case leaves rather a bad taste in the mouth, and that there are some features in the stipulation, and some in the acts and attitude of

32.

intervenor's counsel of doubtful propriety; but as they doubtless arose from inconsiderateness rather than any improper motive, the Court is not disposed to further comment in the premises. Upon the whole, therefore, we are all of the opinion that the judgment below should be affirmed.